# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-2058

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Daniel Raymond Munjak, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 16, 2011
Filed: February 28, 2012

_____

Before WOLLMAN, COLLOTON, and BENTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Daniel Munjak pleaded guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court[1] sentenced Munjak to 97 months' imprisonment, to be followed by a lifetime of supervised release with special conditions. Munjak appeals his sentence, asserting that the court made procedural errors and that the length of incarceration is substantively unreasonable.

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

He also challenges a special condition of his supervised release that restricts his access to the Internet. We affirm.

I.

Munjak argues that the district court committed procedural error by failing to explain adequately the basis for his sentence or to consider fully the sentencing factors set forth in 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007). So long as the record indicates that the sentencing court properly considered the § 3553(a) factors, however, the court need not mechanically recite them. *See United States v. McKanry*, 628 F.3d 1010, 1021 (8th Cir. 2011). The district court here expressly cited the § 3553(a) factors in support of the chosen sentence, and also characterized Munjak's child pornography collection as "the worst I've seen" because of its size, violent imagery, and depictions of prepubescent victims. The court adequately considered Munjak's arguments for a variance from the guidelines, acknowledging Munjak's contention that, as a matter of policy, the sentencing guidelines are excessive for child pornography offenses, and then granting him "some relief" by sentencing at the bottom of the advisory range. Further discussion was not required. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

Reviewing under a deferential abuse-of-discretion standard, *Gall*, 552 U.S. at 41, we also reject Munjak's challenge to the substantive reasonableness of his sentence. Munjak complains that the district court characterized the sentencing guidelines for child pornography offenses as "too high," but nonetheless sentenced him within those very guidelines. That a district judge now may be permitted to deviate from the guidelines based on a policy disagreement with the Sentencing Commission, however, does not mean that the judge is required to do so. *See United States v. Barron*, 557 F.3d 866, 871 (8th Cir. 2009). The sentencing court also must

-2-

consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and this factor often favors a sentence within the advisory range. We reject the suggestion that a district judge who personally disagrees with the child pornography guidelines must sentence outside the advisory range, while a judge who agrees with the guidelines may sentence within the range. The sentencing court here ultimately concluded that a sentence at the bottom of the range was appropriate, and that was not an abuse of discretion.

II.

Munjak next appeals a special condition of his supervised release that prohibits him from accessing the Internet without the prior approval of the probation office. Munjak did not object to this condition at sentencing, and we review the district court's decision to impose it for plain error. *See United States v. Durham*, 618 F.3d 921, 943 (8th Cir. 2010).

Sentencing courts have considerable discretion to impose special conditions of supervised release, so long as those conditions are reasonably related to the § 3553(a) factors and involve "no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d). Citing *United States v. Bender*, 566 F.3d 748 (8th Cir. 2009), Munjak argues that the district court failed to make sufficient individualized findings about why this condition was necessary. He also relies on *United States v. Wiedower*, 634 F.3d 490 (8th Cir. 2011), and *United States v. Crume*, 422 F.3d 728 (8th Cir. 2005), decisions in which this court vacated similar special conditions.

There was no plain error here. The reasons for imposing the Internet condition are evident from the record, so any error did not affect Munjak's substantial rights. *See United States v. Thompson*, 653 F.3d 688, 694 (8th Cir. 2011). The record

established that Munjak possessed 600 or more images of child pornography, including material that portrayed sadistic or masochistic conduct or other depictions of violence.  These images were possessed on a computer connected to the Internet, and Munjak distributed child pornography by using a peer-to-peer file-sharing program.  *See* PSR ¶¶ 4, 8.  We have upheld a similar Internet restriction based on nearly identical facts, *see Durham*, 618 F.3d at 944-45, and we likewise conclude that the condition here was reasonably related to the § 3553(a) factors and reasonably necessary to further the purposes of sentencing, including adequate deterrence and protection of the public from future crimes by the defendant.

\*       \*       \*

The judgment of the district court is affirmed.

_____