# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2397
_____

United States of America

*Plaintiff - Appellee*

v.

Corey Damon Keys

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 17, 2015
Filed: May 11, 2015

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

RILEY, Chief Judge.

Corey Keys pled guilty to one count of conspiracy to distribute a substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. The district court[1] determined Keys was a career offender and sentenced him to 151

_____

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

months imprisonment. Keys appeals his sentence, claiming he does not qualify as a career offender and his sentence is substantively unreasonable. With appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

Keys is a repeat drug trafficker with three prior Iowa state drug convictions. The first occurred in 2005, when state prosecutors convicted Keys of delivering cocaine and possessing cocaine with intent to deliver stemming from events in April and May of 2005. This conviction resulted in a suspended sentence of ten years. Second, Keys was convicted in 2008 of possessing cocaine with intent to deliver as a result of events on February 27, 2008, and was sentenced to ten years imprisonment. Keys's third drug conviction occurred in 2009, when he was convicted of delivering cocaine in 2007 and 2008, and was sentenced to twenty years in prison.

Keys was incarcerated at the Iowa Department of Corrections from September 22, 2008, until being paroled on April 30, 2012. Keys admits that, while incarcerated, he was not directly involved in any drug trafficking or possession. Almost immediately upon his release from prison, Keys resumed supplying cocaine to numerous individuals, using the same accomplices and *modus operandi* as before his imprisonment. After law enforcement conducted a series of controlled buys, a federal grand jury indicted Keys, and Keys pled guilty to the charges in this case. Specifically, Keys admitted in a plea agreement the following:

> Starting during or about March 6, 2012, and continuing to on or about April 24, 2013, the defendant and other persons reached an agreement or came to an understanding to distribute cocaine. The defendant voluntarily and intentionally joined in the agreement or understanding at some later time while it was still in effect.

At sentencing, Keys objected to the application of United States Sentencing Guidelines (U.S.S.G. or Guidelines) § 4B1.1(a), claiming he was not a career offender because his 2008 and 2009 convictions were part of the same conspiracy for which Keys was charged in this case. The district court rejected Keys's claims and determined he was a career offender. After calculating an advisory Guidelines range of 151 to 188 months (level 29, category VI), the district court sentenced Keys to 151 months imprisonment. Keys appeals.

## II. DISCUSSION

### A. Career Offender Application

Keys first argues the district court erred in applying the career offender provision because his convictions in 2008 and 2009 "were part of the relevant conduct of the offense at bar and thus should be excluded from consideration as prior convictions."[2] "We review 'prior sentence' and 'relevant conduct' determinations for clear error, 'remembering that such a determination is fact-intensive and well within the district court's sentencing expertise and greater familiarity with the factual record.'" United States v. Hernandez, 712 F.3d 407, 409 (8th Cir. 2013) (quoting United States v. Boroughf, 649 F.3d 887, 890 (8th Cir. 2011)). We review "de novo the district court's interpretation and application of the Sentencing Guidelines." United States v. Holmes, 751 F.3d 846, 852 (8th Cir. 2014). "Sentencing guideline commentary is authoritative unless it violates the Constitution or is inconsistent with federal law." United States v. Walterman, 343 F.3d 938, 941 n.3 (8th Cir. 2003) (citing Stinson v. United States, 508 U.S. 36, 37-38 (1993)).

---

[2]"A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a).

A prior felony conviction counts under the career offender provision if the conviction is "counted separately under the provisions of § 4A1.1(a), (b), or (c)" from the present conviction. U.S.S.G. § 4B1.2(c). Section 4A1.1 provides criminal history point increases for each "prior sentence." A "prior sentence means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." Id. § 4A1.2(a)(1). "Conduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of section 1B1.3." Id. § 4A1.2, cmt. n.1. As such, if a prior conviction is relevant conduct under U.S.S.G. § 1B1.3, it cannot count as a prior conviction under the career offender provision.

Keys acknowledges his 2005 conviction is not relevant conduct and counts as a prior conviction under the career offender provision. Keys therefore qualifies as a career offender under U.S.S.G. § 4B1.1(a) if either his 2008 conviction or his 2009 conviction counts against him under the Guidelines. If, on the other hand, Keys can show his 2008 and 2009 convictions were relevant conduct to his present conspiracy conviction, he would not qualify as a career offender and his criminal history would have been over scored. Keys has failed to do so.

"'Conduct underlying a prior conviction is not relevant to the instant offense if the former conviction was a severable, distinct offense from the latter.'" Hernandez, 712 F.3d at 409 (quoting United States v. Weiland, 284 F.3d 878, 881 (8th Cir. 2002)). "Factors we have consistently applied in reviewing [relevant conduct] determination[s] include 'temporal and geographical proximity, common victims, common scheme, charge in the indictment, and whether the prior conviction is used to prove the instant offense.'" Id. (quoting United States v. Pinkin, 675 F.3d 1088, 1091 (8th Cir. 2012)); see also United States v. Pepper, 747 F.3d 520, 526 (8th Cir. 2014). While similarities do exist between Keys's prior offenses and the acts underlying his current conviction, the evidence convinces us the offenses are severable and distinct.

Keys's current offense occurred three and a half years after his most recent state offense. The prior offenses and the current offense occurred in different cities and involved different cocaine. "The convictions resulted from different law enforcement investigations, were prosecuted by different sovereigns, and depended on proof of different facts." Pepper, 747 F.3d at 526. The federal indictment did not mention the state offenses or the conduct underlying those convictions, and did not involve the same time period as those offenses. Because the record does not show any continuity or material overlap between Keys's offenses, the district court did not clearly err in finding Keys's prior offenses were not relevant conduct to his present conspiracy conviction.

The district court also correctly applied Application Note 8 to U.S.S.G. § 1B1.3 to preclude Keys's previous convictions from being relevant conduct. Application Note 8 provides:

> For the purposes of subsection (a)(2), offense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction.

U.S.S.G. § 1B1.3, cmt. n.8. The commentary provides an example that describes Keys's situation:

> The defendant was convicted for the sale of cocaine and sentenced to state prison. Immediately upon release from prison, he again sold cocaine to the same person, using the same accomplices and modus operandi. The instant federal offense (the offense of conviction) charges this latter sale. In this example, the offense conduct relevant to the state prison sentence is considered as prior criminal history, not as part of the same course of conduct or common scheme or plan as the offense of conviction. The prior state prison sentence is counted under Chapter Four (Criminal History and Criminal Livelihood).

Id. Application Note 8 plainly provides that prior criminal conduct for which a sentence was imposed before the conduct charged in the indictment is not relevant conduct.

Applying Application Note 8 to Keys, his 2008 and 2009 convictions each resulted in "a sentence that was imposed prior to the acts or omissions constituting the instant federal offense" because the indictment and plea agreement specified a conspiracy beginning on or about March 6, 2012. Id. Application Note 8 provides that Keys's 2008 and 2009 convictions are not relevant conduct to the present offense and thus count under the career offender provision. The district court did not err, clearly or otherwise, in applying the career offender provision.

### B. Substantive Reasonableness

Keys also challenges the substantive reasonableness of his sentence, arguing the district court "erred by refusing to vary downward from the sentencing guidelines based on the career offender guideline's racially disparate impact." We review such challenges for abuse of discretion. See United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). "On review, sentences within the advisory Guidelines range . . . are presumptively reasonable." United States v. Solis-Bermudez, 501 F.3d 882, 884 (8th Cir. 2007). "'A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" United States v. Robison, 759 F.3d 947, 950-51 (8th Cir. 2014) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)).

The district court considered Keys's assertions and declined to vary from the Guidelines based on a policy disagreement. The district court was not required to vary for a policy issue and acted within its discretion when it did not. See United States v. Coleman, 635 F.3d 380, 383 (8th Cir. 2011); United States v. Barron, 557 F.3d 866,

871 (8th Cir. 2009). Keys does not allege the district court (1) failed to consider relevant or significant factors, (2) considered irrelevant or improper factors, or (3) committed clear error in weighing the factors. Keys has failed to show his sentence was substantively unreasonable.

## III.   CONCLUSION

We affirm Keys's sentence.

_____