# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-1278

_____

United States of America

*Plaintiff - Appellee*

v.

Timothy Kenneth Gray, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: February 8, 2016
Filed: February 19, 2016
[Unpublished]

_____

Before SHEPHERD, BEAM, and KELLY, Circuit Judges.

_____

PER CURIAM.

Following an FBI investigation of Timothy Gray's peer-to-peer file-sharing activities, law enforcement officers executed a search warrant at Gray's residence and seized Gray's computer tower, external hard drives, and other media. A subsequent forensic examination revealed a total of 4,300 images of child pornography and more than 130 videos of child pornography. Gray was indicted by a grand jury in the

District of Minnesota on five counts of distributing child pornography and one count of possessing child pornography. Pursuant to an agreement with the government, Gray pleaded guilty to one count of distributing child pornography in violation of 18 U.S.C. § 2252. In the plea agreement the parties stipulated to many of the sentencing provisions, and the resulting Guidelines range was 151-188 months in prison. At sentencing, Gray argued for a downward variance to the mandatory minimum of 60 months, on the basis of his argument that the child pornography sentencing Guidelines were flawed, his lack of criminal history, and his general remorse and efforts at rehabilitation. The government opposed Gray's request. The district court[1] sentenced Gray to 151 months in prison. On appeal, Gray argues that the district court committed a significant procedural error because the court allegedly mistakenly believed it was bound to apply the sentencing Guidelines without exercising discretion. Gray also argues that the sentence imposed was substantively unreasonable.

We review Gray's sentence to determine whether it was reasonable under an abuse-of-discretion standard. United States v. Munjak, 669 F.3d 906, 907 (8th Cir. 2012). In doing so, we first ensure that the district court did not commit significant procedural error at sentencing. Id. A procedural error includes improper Guidelines calculations, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, imposing a sentence based upon clearly erroneous facts, or failing to adequately explain the chosen sentence. United States v. Leonard, 785 F.3d 303, 305 (8th Cir. 2015) (per curiam). Gray contends the district court procedurally erred by treating the Guidelines as mandatory, citing the court's admonition to Gray that it would have to "follow the law" when Gray requested a mandatory minimum sentence of five years. Based upon our careful review of the record, including the referenced comments by the district court and all of the attending circumstances, we find it

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

inconceivable that the experienced and able district court erroneously treated the Guidelines as mandatory. Rather than interpreting the district court's statement about "follow[ing] the law" as an indication that the court believed the Guidelines were mandatory, it is more likely the district court was simply and correctly referencing its overall duty to properly calculate and consider the Guidelines, consider the § 3553(a) factors, make factual findings, and adequately explain its sentence. The district court did all of these things and committed no significant procedural error.

Gray also challenges his within-Guidelines sentence of 151 months as substantively unreasonable, arguing that the sentence is greater than necessary given that prior to sentencing, he "acted volitionally and honorably to confront the root causes of his conduct." The district court considered these arguments, as well as the government's contentions that Gray greatly minimized his conduct in this case, and sentenced Gray at the bottom of his Guidelines range. Gray's within-range sentence is presumptively reasonable, United States v. Keys, 785 F.3d 1240, 1243 (8th Cir. 2015), and our review of the record reveals no abuse of discretion or a substantively unreasonable sentence. We affirm the district court.

_____