**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4776**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ELVER MANUEL CAMPOS, a/k/a Ricardo Geronimo-Angeles, a/k/a Ricardo Geronimo Angeles, a/k/a Elver Manuel Campos-Bernal, a/k/a Elber Campos Bernal, a/k/a Elver Campos Brenal, a/k/a Jose Garcia Campos, a/k/a Eucario Garcia Perez, a/k/a Elbert Manuel Campos,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:17-cr-00041-WO-1)

Submitted: May 23, 2018                    Decided: June 4, 2018

Before GREGORY, Chief Judge, KEENAN, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Winston-Salem, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Randall S. Galyon, Assistant United States Attorney, Benjamin J. Corcoran, Third Year Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North

Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Elver Manuel Campos pled guilty, pursuant to a plea agreement, to possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012), and illegal reentry of an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced Campos to 210 months' imprisonment, and Campos appeals, arguing that the sentence is substantively unreasonable. We affirm.

We review the reasonableness of a sentence "under a deferential abuse-of-discretion standard," assessing a sentence's substantive reasonableness under "the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 41, 51 (2007). Any sentence within or below a properly calculated Guidelines range is presumptively substantively reasonable, a presumption rebutted only "by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [(2012)] factors." *United States v. Vinson*, 852 F.3d 333, 357-58 (4th Cir. 2017) (internal quotation marks omitted).

Campos first argues that sentencing disparities between high- and low-purity methamphetamine[*] is unwarranted and not justified by any legitimate sentencing purpose. The district court considered Campos' argument but ultimately rejected it,

---

[*] Campos was sentenced for possessing "Ice," which the Sentencing Guidelines define as "a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity." U.S. Sentencing Guidelines Manual § 2D1.1 n.*(C) (2016). The Guidelines further "provide[] that one gram of a mixture or substance containing methamphetamine is equivalent to two kilograms of marijuana, whereas one gram of actual methamphetamine [(Ice)] is equivalent to twenty kilograms of marijuana," a 10 to 1 ratio. *United States v. Molina*, 469 F.3d 408, 413 (5th Cir. 2006).

reasoning that purity levels may be accounted for in sentencing, as high-purity methamphetamine reflects the work of a more sophisticated organization that possesses the resources and ability to manufacture large quantities of high-grade methamphetamine. We discern no abuse of discretion in that determination. *See United States v. Munjak*, 669 F.3d 906, 907 (8th Cir. 2012) ("That a district judge . . . may be permitted to deviate from the guidelines based on a policy disagreement with the Sentencing Commission . . . does not mean that the judge is required to do so.").

Campos also argues that mitigating factors outweighed any aggravating factors relevant to his sentencing. But the district court reasonably applied the § 3553(a) factors to determine that a 210-month sentence, the bottom of the properly calculated Guidelines range, was appropriate. The court, while recognizing the presence of certain mitigating factors, determined that those were outweighed by aggravating factors. The district court primarily cited Campos' lengthy and serious criminal history—which included prior convictions for felony drug trafficking, assault with a deadly weapon, felony fleeing to elude law enforcement, possession of a firearm, and multiple illegal reentries—in determining that deterrence, promoting respect for the law, and protecting the public necessitated the sentence imposed. In light of these considerations, the mitigating circumstances that Campos cites, and even his citation of reports and statistics concerning deterrence and recidivism, do not overcome the presumption of reasonableness that is afforded to his within-range sentence. *Vinson*, 852 F.3d at 357-58.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*