# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-1179
_____

United States of America

*Plaintiff - Appellee*

v.

Dante Rhodes

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: January 14, 2019
Filed: April 12, 2019
[Unpublished]

_____

Before LOKEN, GRASZ, and STRAS, Circuit Judges.

_____

PER CURIAM.

Dante Rhodes robbed a bank and then led law enforcement on a high-speed car chase. After he pleaded guilty to bank robbery, 18 U.S.C. § 2113(a), the district

court[1] sentenced him to 108 months in prison, a within-Guidelines-range sentence that he claims is substantively unreasonable. We affirm.

The district court did not abuse its discretion in setting Rhodes's sentence. *See United States v. Feemster*, 572 F.3d 455, 461–62 (8th Cir. 2009) (en banc). A sentence within the advisory range is entitled to a "presumption of reasonableness." *United States v. Deegan*, 605 F.3d 625, 634 (8th Cir. 2010). In considering the statutory sentencing factors, the court noted that Rhodes "put[] the teller in significant fear" during the robbery, an innocent bystander was injured during the ensuing car chase, and the arresting officers had to tase Rhodes to "br[ing him] under control." *See* 18 U.S.C. § 3553(a) (listing the factors the court must consider, including "the nature and circumstances of the offense"); *see also United States v. Meadows*, 866 F.3d 913, 920 (8th Cir. 2017). The court was entitled to stress these case-specific facts in imposing a 108-month sentence.

Rhodes responds that the district court's emphasis of these facts came at the expense of others, such as his struggles with drug addiction. *See* 18 U.S.C. § 3553(a). The record shows, however, that the court acknowledged the mitigating factors he raised and explained how they, along with several aggravating factors, influenced its decision. The court was permitted to weigh some factors more heavily than others in exercising its discretion. *See United States v. Ryser*, 883 F.3d 1018, 1022 (8th Cir. 2018).

Rhodes further complains that the district court should have disagreed on policy grounds with the Guidelines' career-offender enhancement. *See* U.S.S.G. §§ 4B1.1–.2. Courts certainly are *permitted* to impose shorter sentences because of policy disagreements with the Guidelines. But, as we have repeatedly held, they are not required to do so. *See United States v. Sharkey*, 895 F.3d 1077, 1082 (8th Cir.

---

[1]The Honorable Leonard T. Strand, Chief Judge, United States District Court for the Northern District of Iowa.

2018) (per curiam); *United States v. Keys*, 785 F.3d 1240, 1243–44 (8th Cir. 2015). Here, the court did more than enough when it specifically considered and rejected his argument. *See United States v. Bowie*, 618 F.3d 802, 811 (8th Cir. 2010) (affirming even though "the district court [did not] address explicitly" a policy-based request for a downward variance).

Accordingly, we affirm the judgment of the district court.

_____