# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2179

_____

United States of America

*Plaintiff - Appellee*

v.

Solomon Seth Currie

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: April 15, 2019
Filed: June 13, 2019
[Unpublished]

_____

Before COLLOTON, GRUENDER, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Solomon Currie pleaded guilty to possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine and 50 grams or more of actual methamphetamine (Count One) and to possession of a firearm in furtherance of a drug trafficking offense (Count Two). *See* 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 851; 18 U.S.C. § 924(c)(1)(A)(i).

Prior to sentencing, Currie objected to a two-level enhancement for maintaining a premises for the purpose of distributing methamphetamine recommended in the presentence investigation report ("PSR"). He also requested a downward variance. The district court[1] applied the two-level enhancement and a career offender adjustment. It found a total offense level of 35, a criminal history category of VI, and an advisory sentencing guidelines range of 292 to 365 months on Count One in addition to a mandatory consecutive 60-month term of imprisonment for Count Two. The district court sentenced Currie to 292 months' imprisonment for Count One and 60 months' imprisonment on Count Two, to run consecutively. Currie appeals the district court's application of the two-level enhancement and its denial of his request for a downward variance, which he claims "caus[ed] an unjust sentence."

The guidelines provide for a two-level enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance." U.S.S.G. § 2D1.1(b)(12). "We review factual findings that the [defendant] maintained the premises for the purpose of distributing methamphetamine for clear error." *United States v. Miller*, 698 F.3d 699, 705 (8th Cir. 2012). Whether the defendant maintained the house is "normally easily proved" if the defendant lives in the house. *Id*. at 705-06.

Police began surveilling the house where Currie lived in June 2017. At the end of the month, a trash search produced two cigarillo packages, three sandwich baggies that tested positive for marijuana, and a FedEx box containing a speaker box that tested positive for methamphetamine. Another trash search produced similar evidence at the beginning of July. When the police searched the house on July 12, they found Currie, his sister, approximately 2,150 grams of methamphetamine, a pair of shorts with $18,030 in the pocket, airline tickets for Currie, two cell phones, a

---

[1]The Honorable Rebecca Goodgame Ebinger, United States District Judge for the Southern District of Iowa.

digital scale, and vacuum-sealed packaging, among other evidence. During a post-*Miranda* interview, Currie said he began dealing drugs about sixty to sixty-five days before the interview and had been living at the home for four months. Given this evidence, the district court did not clearly err in concluding that Currie maintained a premises for the purpose of manufacturing or distributing a controlled substance. In any event, the district court stated that it would have imposed the same sentence without the two-level enhancement. Thus, even if the district court erred, the error is harmless. *See United States v. Martinez*, 821 F.3d 984, 988-89 (8th Cir. 2016) ("Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence . . . .").

Next, Currie argues that the district court should have varied downward because "the career offender guideline overstates the criminal history and likelihood to reoffend for drug trafficking only offenders" like Currie. We review the reasonableness of the sentence for abuse of discretion. *United States v. Canania*, 532 F.3d 764, 773 (8th Cir. 2008). "A sentence is substantively unreasonable if the district court fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Lozoya*, 623 F.3d 624, 626 (8th Cir. 2010) (internal quotation marks omitted).

Currie's argument fails because even without the career offender adjustment, Currie's guidelines range would have been 262 to 327 months, and the district court said it would have imposed the same 292-month sentence. Thus, any error is harmless. *See United States v. Davis*, 583 F.3d 1081, 1095 (8th Cir. 2009) (explaining that any error was harmless "[b]ecause the district court explicitly stated it would have imposed" the same sentence without the career offender adjustment). Currie additionally argues that the career offender guideline has a racially disparate

impact on sentencing. But we have upheld a sentence as substantively reasonable despite the argument that the career offender guideline has a racially disparate impact. *See United States v. Keys*, 785 F.3d 1240, 1243-44 (8th Cir. 2015). We find no abuse of discretion.

We affirm.

_____