# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2787

_____

United States of America

*Plaintiff - Appellee*

v.

Derrick Lovell Parker, also known as Darrell Parker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: June 10, 2019
Filed: August 14, 2019
[Unpublished]

_____

Before GRUENDER, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Derrick Parker received an above-Guidelines-range sentence of 24 months in prison for violating the conditions of supervised release. On appeal, he argues that,

at sentencing, the district court[1] considered an improper factor and failed to adequately explain why it varied upward.  Because neither argument entitles him to relief, we affirm.

After serving nearly ten years in prison for drug and firearm offenses, Parker began a three-year term of supervised release.  Parker then committed a host of drug-related violations, which led to revocation, an additional prison term, and a new period of supervised release.  His second time on release did not go better, as he failed to submit urine samples, tested positive for cocaine, used synthetic marijuana, and skipped required mental-health and substance-abuse treatment.

These new violations led to a second revocation.  "Due to [Parker's] consistent noncompliant behavior . . . [and lack of] respect for the law," the court declined to impose a third term of supervised release and instead sentenced him to 24 months in prison, well above his advisory Guidelines range.

Parker argues for the first time on appeal that the district court erred by considering his lack of respect for the law because this factor appears only in the general sentencing statute, 18 U.S.C. § 3553(a)(2)(A), not in the one specifically governing revocation proceedings, *id.* § 3583(e).  *United States v. Dang*, 907 F.3d 561, 566 (8th Cir. 2018) (reviewing an identical argument for plain error because it was never raised below).  We conclude that the court did not plainly err when it relied on this factor.  *See United States v. Hall*, No. 17-3663, 2019 WL 3330464, at *2 n.3 (8th Cir. July 25, 2019).

As in *Hall*, the district court used a "permissible factor[]" and an impermissible one.  *Id.* at *3.  The permissible factor was the analysis of Parker's "history and characteristics," including his "consistent noncompliant behavior" and

---

[1]The Honorable James M. Moody, Jr., United States District Judge for the Eastern District of Arkansas.

failure to take advantage of "multiple opportunities to change his" ways. *See* 18 U.S.C. §§ 3553(a)(1), 3583(e) (directing courts to consider "the history and characteristics of the defendant"). The impermissible factor, lack of respect for the law, was at most an "additional reason[] supporting [the] sentence," so any error could not have been plain under *Hall*. *See Hall*, 2019 WL 3330464, at *3.

The district court also adequately explained the upward variance. Parker deserved a longer sentence, it said, because he had repeatedly failed to comply with his supervised-release conditions. And although Parker complains that the court did not specifically identify the statutory factors upon which it relied, it did not have to as "long as the record indicates [it] properly considered the[m]." *United States v. Munjack*, 669 F.3d 906, 907 (8th Cir. 2012). Here, the record shows that it did.

We accordingly affirm the judgment of the district court.

_____