# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2537

_____

Corey Damon Keys

_Petitioner - Appellant_

v.

United States of America

_Respondent - Appellee_

_____

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

_____

Submitted: September 25, 2019
Filed: December 5, 2019

_____

Before BENTON, SHEPHERD, and GRASZ, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Corey Damon Keys filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, arguing that the government violated Brady v. Maryland, 373 U.S. 83 (1963), when it failed to disclose proffer interviews that were material to his argument at sentencing that he was not a career offender under the United

States Sentencing Guidelines (USSG). The district court[1] denied his motion and granted a certificate of appealability. Having jurisdiction under 28 U.S.C. § 2253, we affirm.

## I.

Corey Keys pled guilty to conspiracy to distribute a substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. At sentencing, the parties disputed whether Keys should be designated as a career offender under USSG § 4B1.1 based on his Iowa drug trafficking convictions from 2005, 2008, and 2009. Keys objected to the career-offender enhancement, arguing that his 2008 and 2009 convictions should not be counted as predicates because the conduct underlying those convictions was "relevant conduct" to the federal offense of conviction. In other words, he asserted that his 2008 and 2009 Iowa drug trafficking convictions were part of the same conspiracy for which he pled guilty and was being sentenced. The district court rejected this argument, designated Keys as a career offender, and sentenced him to 151 months imprisonment. We affirmed on direct appeal. United States v. Keys, 785 F.3d 1240 (8th Cir. 2015).

Keys later filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. He argued that the government violated Brady when it failed to disclose certain proffer interviews that were material to his argument at sentencing that he was not a career offender. Specifically, Keys asserted that these proffer interviews provided factual support for his argument that his 2008 and 2009 Iowa drug-trafficking convictions were part of the same conspiracy as his federal offense of conviction. He suggested that the proffer interviews showed that Keys's federal offense of conviction was actually part of a much longer conspiracy that began before

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

he was incarcerated in 2008, that Keys did not withdraw from this conspiracy while in prison, and that Keys continued to participate in that conspiracy following his release in 2012.

After noting that it was unclear whether the proffer interviews factually supported Keys's argument, the district court concluded that it would have applied the same sentencing range regardless of whether Keys was a career offender. Accordingly, the district court found that the proffer interviews "would not have had any impact on the outcome of the sentencing hearing" and denied Keys's motion on this basis. It issued a certificate of appealability, and this appeal follows.

II.

"To establish a Brady violation, a defendant must show that the government suppressed evidence that was favorable to the defendant and material either to guilt or to punishment." United States v. Heppner, 519 F.3d 744, 750 (8th Cir. 2008). "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Ladoucer, 573 F.3d 628, 636 (8th Cir. 2009) (alteration in original) (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987)). We review the district court's factual findings for clear error and its legal conclusions de novo. White v. Steele, 853 F.3d 486, 489 (8th Cir. 2017).

The Guidelines designate a defendant "as a career offender if, among other things, he 'has at least two prior felony convictions of either a crime of violence or a controlled substance offense.'" United States v. Grady, 931 F.3d 727, 729 (8th Cir. 2019) (quoting USSG § 4B1.1(a)). "A prior felony conviction counts under the career offender provision if the conviction is 'counted separately under the provisions of § 4A1.1(a), (b), or (c)' from the present conviction." Keys, 785 F.3d at 1242 (quoting USSG § 4B1.2(c)). Under USSG § 4A1.1, a defendant's criminal history

score increases for each "prior sentence," which is defined as "any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense." Id. (quoting USSG § 4A1.2(a)(1)). The relevant Application Note further explains that "[c]onduct that is part of the instant offense means conduct that is relevant conduct to the instant offense under the provisions of § 1B1.3." USSG § 4A1.2, cmt. n.1. Accordingly, "if a prior conviction is relevant conduct under USSG § 1B1.3, it cannot count as a prior conviction under the career offender provision." Keys, 785 F.3d at 1242.

Even assuming that the proffer interviews lend factual support to Keys's argument that his 2008 and 2009 Iowa drug convictions are relevant conduct to the federal offense of conviction, the government's failure to disclose them did not prejudice Keys at sentencing. This is because, as a matter of law, Keys's argument was foreclosed by Application Note 8 to USSG § 1B1.3. See United States v. Walterman, 343 F.3d 938, 941 n.3 (8th Cir. 2003) ("Sentencing guideline commentary is authoritative unless it violates the Constitution or is inconsistent with federal law.").

Application Note 8 states as follows:

> For the purposes of subsection (a)(2), offense conduct associated with a sentence that was imposed prior to the acts or omissions constituting the instant federal offense (the offense of conviction) is not considered as part of the same course of conduct or common scheme or plan as the offense of conviction.

USSG § 1B1.3, cmt. n.8 (Nov. 2013). In rejecting Keys's argument on direct appeal, we explained that:

-4-

Application Note 8 plainly provides that prior criminal conduct for which a sentence was imposed before the conduct charged in the indictment is not relevant conduct.

Applying Application Note 8 to Keys, his 2008 and 2009 convictions each resulted in "a sentence that was imposed prior to the acts or omissions constituting the instant federal offense" because the indictment and plea agreement specified a conspiracy beginning on or about March 6, 2012. Application Note 8 provides that Keys's 2008 and 2009 convictions are not relevant conduct to the present offense and thus count under the career offender provision. The district court did not err, clearly or otherwise, in applying the career offender provision.

Keys, 785 F.3d at 1243 (internal citations omitted). The above analysis is not affected by the existence of the proffer interviews or by the information purportedly contained therein. Even if they tend to show that the conduct underlying Keys's 2008 and 2009 convictions was part of the same overarching drug conspiracy as that encompassing the conduct supporting his federal offense of conviction, Keys nevertheless was indicted for, and pled guilty to, a conspiracy that began on or about March 6, 2012. Under the terms of his plea agreement, he acknowledged that he joined this conspiracy at some point after that date. Keys's 2008 and 2009 Iowa convictions led to the imposition of sentences prior to March 6, 2012. Therefore, under Application Note 8, the conduct underlying the 2008 and 2009 convictions cannot be considered as relevant conduct to the federal offense of conviction. Accordingly, Keys's 2008 and 2009 Iowa convictions were properly classified as predicates for the career-offender enhancement.

Because we hold that Application Note 8 foreclosed Keys's sentencing argument, we need not consider whether the district court erred in finding that it was unclear whether the proffer interviews supported Keys's argument. Similarly, we

decline to consider whether the district court committed a procedural error in finding that it would have used the same sentencing range regardless of whether Keys was a career offender.

III.

For these reasons, we affirm the judgment of the district court.

_____