# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-1479

_____

United States of America

*Plaintiff - Appellee*

v.

Rashad Darnell Norwood

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: February 10, 2020
Filed: May 11, 2020
[Unpublished]

_____

Before LOKEN, BENTON, and KELLY, Circuit Judges.

_____

PER CURIAM.

Rashad Darnell Norwood pled guilty to two counts: (1) possession of firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (2) possession with intent to distribute methamphetamine in violation 21 U.S.C.

841(a)(1) and 841(b)(1)(B). The district court[1] sentenced him to the 60-month mandatory minimum on the firearm count and varied downward on the meth count, sentencing him to 108 months' imprisonment. He appeals his sentence on the meth count. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Norwood challenges his 108-month sentence on the meth count (guidelines range was 140-175 months), arguing the district court should have varied downward more by applying "the methamphetamine 'mixture' Guidelines," rather than the "actual" meth guidelines. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *See United States v. Smith*, 795 F.3d 868, 872 (8th Cir. 2015). "A district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008).

Courts may vary from the guidelines based on policy disagreements, *see Kimbrough v. United States*, 552 U.S. 85, 101 (2007), but they are not required to do so. *See United States v. Battiest*, 553 F.3d 1132, 1137 (8th Cir. 2009) ("*Kimbrough* did not mandate that district courts consider the crack/powder sentencing disparity and do not act unreasonably, abuse their discretion, or otherwise commit error if they do not." (cleaned up)). Here, the district court expressly considered Norwood's policy argument:

> We've had more meth cases, and they do tend to be basically pure.
>
> I can only surmise that the reason is it's so cheap that there's hardly any need to cut it anymore, and so to the extent the guidelines are using

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

purity as a proxy for a position in a drug organization, that has become relatively quite an unreliable sole indicator.

Now, does that mean that we then automatically apply the mixture guidelines as if everybody charged with methamphetamine is at a very low level in a distribution ring? Obviously, not. It just means that we have to take a look at the surrounding circumstances, and it underscores the importance of tailoring a sentence to an individual defendant and that individual defendant's criminality vis-a-vis the charged offenses and also the prior history.

. . . .

Where are you in a drug organization? You know, how serious a drug dealer are you? If it looked like not serious at all, you know, maybe we could go down to the mixture guidelines because we'd say, well, okay, we can't really use purity as a proxy, but look at this guy. He's not really involved in selling drugs.

That's just not right in your case. You've got almost $20,000 in cash, the drugs, plus your history that makes it very clear that this is how you were— this is how you were supporting yourself.

The court did not abuse its discretion in not varying downward more. *See United States v. Sharkey*, 895 F.3d 1077, 1082 (8th Cir. 2018) ("Here, the court expressly considered Burton's policy argument and rejected it. This was within its discretion."); *United States v. Key*, 785 F.3d 1240, 1244 (8th Cir. 2015) (holding that the district court was not required to "vary from the Guidelines based on a policy disagreement" and acted within its discretion when it did not).

Norwood also maintains his sentence is substantively unreasonable and creates "unwarranted sentencing disparities" because it is higher than eight other defendants he contends have similar records. This argument has no merit. "While the Supreme Court said that district courts . . . should 'take account of sentencing practices in other

courts,' . . . it is unrealistic to expect that in any given case, the parties can produce information about individual sentences imposed in numerous proceedings around the country that may involve offenders similar to the defendant under consideration." *United States v. Barron*, 557 F.3d 866, 869 (8th Cir. 2009), *quoting Kimbrough*, 552 U.S. at 108. "It would give too much weight to the decision of one district judge if we were to require that the sentencing court use a single example cited by one party as the reference point for an appropriate sentence under § 3553(a)." *Id.* Here, Norwood provided six cases from Minnesota and two from other federal districts. As the district court said:

> Comparing an individual defendant to a different hand picked defendant is an exercise that is never going to amount to anything amounting to an empirical national study. It's similar to, as I always used to say about statutory interpretation, it's like looking out over a crowd of people and picking out your friends and then making a—putting the information about your friends in a grid and making that look scientific. It's not scientific either.
>
> So my focus is on, Mr. Norwood, your particular circumstances.

The court then considered the § 3553(a) factors, noting the seriousness of the offense, Norwood's lengthy and violent criminal history, his childhood, and the need to protect the public. The court determined the guidelines were "more than is necessary" but that "a sentence of the mandatory minimum would be grossly insufficient to recognize you, your history, your criminality, and the seriousness of this offense and to protect the public in the future." The district court did not abuse its discretion. *See United States v. Parker*, 762 F.3d 801, 812 (8th Cir. 2014) ("Where [a] district court in imposing a sentence makes an individualized assessment based on the facts presented, addressing the defendant's proffered information in its consideration of the § 3553(a) factors, such sentence is not unreasonable." (internal quotation marks omitted)).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____