# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3043

_____

United States of America

*Plaintiff - Appellee*

v.

Charles Bryan Ewert

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: April 15, 2016
Filed: July 7, 2016

_____

Before RILEY, Chief Judge, WOLLMAN and MURPHY, Circuit Judges.

_____

RILEY, Chief Judge.

After responding to a report of a domestic assault at the home of Charles Bryan Ewert (Ewert) and his wife, Colleen, police executed a search warrant at the home and located eight firearms and a substantial cache of ammunition belonging to Ewert. Investigation revealed Ewert had a lengthy criminal history and had obtained at least one of the firearms using false identification. Ewert was indicted and ultimately pled guilty to making a false statement during the purchase of a firearm and being a felon

in possession of firearms, see 18 U.S.C. §§ 922(g)(1), 924(a)(1)(A), (a)(2). The district court[1] sentenced Ewert to 84 months in prison. Ewert appeals, challenging (1) the constitutionality of the United States Sentencing Guidelines (U.S.S.G. or Guidelines), (2) the district court's calculation of his advisory Guidelines range, (3) its imposition of an alternative sentence, and (4) the substantive reasonableness of the sentence. Having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I.    BACKGROUND

On August 14, 2014, Colleen called 911 to report that Ewert had assaulted her in the early morning hours that day at their home in Davenport, Iowa. According to Colleen, Ewert was upset and began accusing Colleen of "talking to other people." Ewert forced Colleen into the basement of their home and held her there for approximately three hours, threatening her, "shak[ing] [her] head," and "repeatedly hit[ting] [her] in the leg causing bruises." Among other threats, Colleen reported "Ewert told Colleen that she had two options: cut off her own hand or put two bullets in a gun, spin it, and pull the trigger."

Ewert eventually let Colleen go without acting on the threat. Colleen "gave [Ewert] a double dose of Nyquil to make him sleep." Within the next two hours Colleen called the police, gathered her children, and escaped to her neighbor's home. Based on Colleen's report that Ewert "had multiple firearms at the residence," the police "surrounded the residence" and treated the situation "as a barricaded suspect who was possibly armed." After an hour-long "stand-off," Ewert was arrested.

After the arrest, police obtained and executed a search warrant on the Ewert residence and located in the garage eight firearms and a large quantity of ammunition. Investigation revealed Ewert had purchased one of the firearms using the "gun permit,

---

[1]The Honorable John A. Jarvey, Chief Judge, United States District Court for the Southern District of Iowa.

driver's license, and Form 4473 for a person with the last name of McCarthy." Investigation also revealed Ewert "was convicted in 2002 of felony eluding," see Iowa Code § 321.279(3), and was thus prohibited from possessing firearms.

In October 2014, a grand jury returned an indictment charging Ewert with making false statements during the purchase of a firearm, see 18 U.S.C. § 924(a)(1)(A); conspiracy "to commit felon in possession of a firearm," see 18 U.S.C. §§ 371, 922(g); and being a felon in possession of firearms, see 18 U.S.C. §§ 922(g)(1), 924(a)(2). Several months later, Ewert pled guilty to making a false statement during the purchase of a firearm and being a felon in possession of firearms.

At sentencing, the district court determined Ewert had a base offense level of 20, with two four-level enhancements for the specific offense characteristics of possessing between eight and twenty-four firearms and "us[ing] or possess[ing] any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(1)(B), (6)(B). Ewert also received a three-level reduction for acceptance of responsibility. See U.S.S.G. § 3E1.1(a), (b). Based on the resulting offense level of 25 and Ewert's criminal history category of III, the district court determined Ewert's advisory Guidelines range was 70 to 87 months and sentenced Ewert to 84 months imprisonment and three years of supervised release. Ewert appeals.

## II. DISCUSSION

### A. Standards of Review

"We review the district court's interpretation of the guidelines de novo, and its factual findings . . . for clear error." United States v. Howard, 759 F.3d 886, 889 (8th Cir. 2014). "When the guidelines are incorrectly applied, we remand for resentencing unless the error was harmless, such as when the district court would have imposed the same sentence absent the error." United States v. Idriss, 436 F.3d 946, 951 (8th Cir. 2006).

We review the substantive reasonableness of a sentence for abuse of discretion. See United States v. Keys, 785 F.3d 1240, 1243 (8th Cir. 2015). "'On review, sentences within the advisory Guidelines range . . . are presumptively reasonable,'" id. (alteration in original) (quoting United States v. Solis-Bermudez, 501 F.3d 882, 884 (8th Cir. 2007)), but the "'district court abuses its discretion and imposes an unreasonable sentence when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors.'" Id. at 1243-44 (quoting United States v. Robison, 759 F.3d 947, 950-51 (8th Cir. 2014)).

B.     **Constitutionality of Sentencing Guidelines**

We first address Ewert's contention the Guidelines cannot be applied to him because they are unconstitutional in that they "violate . . . separation of powers principles." Ewert also theorizes "the Guidelines undermine the integrity of the Judiciary," and he proposes his "case perfectly illustrates how the United State [sic] Sentencing Guidelines have transformed the Judicial Branch to a system that promotes incarceration, rather than Justice."

The government responds that Ewert has waived his challenge to the constitutionality of the Guidelines because he did not raise that issue in the district court. See, e.g., Liberty State Bank v. Minn. Life & Health Ins. Guar. Ass'n, 149 F.3d 832, 834 (8th Cir. 1998) ("[W]e do not consider constitutional arguments raised for the first time on appeal absent exceptional circumstances, such as when the proper result is clear or when our failure to consider the new issue would result in injustice." (citation omitted)). Even assuming Ewert preserved the issue, his argument on the merits is foreclosed by the Supreme Court's decision in Mistretta v. United States, 488 U.S. 361, 412 (1989) (upholding the constitutionality of the sentencing commission and the Guidelines, and rejecting the separation of powers violation argument). It is not the province of this court, as Ewert urges, to "revisit the rationale of Mistretta."

## C. Sentencing Enhancement

Ewert next argues the district court improperly calculated his Guidelines range because it applied a four-level enhancement for use or possession of a firearm in connection with another felony offense. See U.S.S.G. § 2K2.1(b)(6)(B) ("If the defendant . . . [u]sed or possessed any firearm or ammunition in connection with another felony offense . . . increase by 4 levels."). Ewert acknowledges he used or possessed a firearm in connection with the offense of "Harassment in the first degree" under the Iowa Code, § 708.7(1)(b), which is punishable by up to two years imprisonment, see Iowa Code § 903.1(2), but he asserts this offense is "an aggravated misdemeanor," as defined in the Iowa Code, not a felony.

Ewert is incorrect. The Guidelines define "felony conviction" as "a prior adult federal or state conviction for an offense punishable by . . . imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S.S.G. § 2K2.1 n.1. In United States v. Anderson, we explained that an "'aggravated misdemeanor' . . . punishable by up to two years imprisonment, Iowa Code § 903.1(2)" is a felony conviction within the meaning of U.S.S.G. § 2K2.1 because it is an "offense . . . punishable by imprisonment for a term exceeding one year."[2] United States v. Anderson, 339 F.3d 720, 724 (8th Cir. 2003) (internal quotation marks omitted); see also, e.g., United States v. Littrell, 557 F.3d 616, 618 (8th Cir. 2009). The district court properly determined Ewert used or possessed a firearm in

---

[2]The definition of "felony conviction," once referred to as "felony offense," was previously located in § 2K2.1 n.7 of the Guidelines, as referenced in Anderson. The definition has been rephrased since Anderson, but not substantively changed. See United States v. Anderson, 339 F.3d 720, 724 (8th Cir. 2003).

connection with another felony offense, and did not err by applying the corresponding four-level enhancement.[3]

### D. Substantive Reasonableness

Finally, Ewert argues his sentence is substantively unreasonable. "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." United States v. Robinson, 516 F.3d 716, 717 (8th Cir. 2008). Ewert urges us to "abandon the use of the Presumption of Reasonableness in all cases, or find it cannot be applied in the instant case." We decline this proposal because the Supreme Court has upheld this presumption, and it is the well-established law of our circuit. See Rita v. United States, 551 U.S. 338, 347 (2007); Robinson, 516 F.3d at 717.

Ewert seems to suggest the district court improperly applied a presumption of reasonableness, asserting the district court did not conduct an "individualized assessment" and selected "a sentence that just happened to fall in the middle of the Guidelines range." Cf. Robinson, 516 F.3d at 718 (noting the presumption of reasonableness may be applied by the appellate court, but not the district court). Ewert suggests the district court should have "explain[ed] why the range the Commission came up with for a class of conduct can possibly be reasonably related to the specific family history, employment history, criminal history, substance abuse and psychological history of . . . Ewert, and the real conduct that brought [Ewert] to the federal court." In Ewert's view, the district court "said nothing specific about Mr. Ewert's past, current or future life."

---

[3]Because we conclude the district court properly calculated the Guidelines range, we need not consider Ewert's challenge to the district court's alternative sentence.

The sentencing record and transcript tell a different story. The district court specifically noted the court "looked to the Sentencing Guidelines as an important, though not in any way controlling factor to be considered." The district court discussed Ewert's past criminal history and permitted Ewert the opportunity to explain why, after "a lot of chances to reform this exact kind of behavior," Ewert believed this time he would be able to conform his conduct to the law. The district court also "considered the statements in support of Mr. Ewert, both from his friends and family and from [Ewert's attorney]" and "considered [Ewert's] attempts at post-offense rehabilitation and . . . genuine expression of remorse." The record demonstrates the district court adequately analyzed the sentencing factors, 18 U.S.C. § 3553(a), and we are satisfied the district court "'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" Robinson, 516 F.3d at 718 (quoting Rita, 551 U.S. at 356). "[W]hen a judge decides simply to apply the Guidelines to a particular case [as was done in Ewert's case], doing so will not necessarily require lengthy explanation." Rita, 551 U.S. at 356-57. The district court did not abuse its discretion.

## III. CONCLUSION

The judgment of the district court is affirmed.

_____