# United States Court of Appeals
### For the Eighth Circuit

_____

No. 16-1884

_____

United States of America

*Plaintiff - Appellee*

v.

Charles T. Bacon

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: February 6, 2017
Filed: February 22, 2017
[Published]

_____

Before RILEY, Chief Judge, SMITH and BENTON, Circuit Judges.

_____

PER CURIAM.

Charles T. Bacon pled guilty without a written plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1]

_____

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

sentenced Bacon to 60 months imprisonment and a three-year term of supervised release, a sentence of imprisonment that is twice the upper limit of Bacon's advisory United States Sentencing Guidelines (U.S.S.G. or Guidelines) range. Bacon appeals this sentence, and, having appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

On April 2, 2014, Bacon, in an agitated state, entered a woman's home and demanded she call 911. When police arrived, Bacon opened the front door holding a shotgun and the responding officer, "believ[ing] the shotgun was . . . readily capable of lethal force," took "a position of cover." The officer re-advanced toward the woman's home and found Bacon running out of the residence, unarmed, and the officer then apprehended Bacon. Responding officers subsequently searched the woman's home and discovered several firearms and ammunition. A grand jury returned an indictment charging Bacon with being a felon in possession of a firearm. Bacon initially filed notice of his intention to rely on an insanity defense, but subsequently changed his plea, without a written plea agreement, to guilty.

At Bacon's sentencing held March 31, 2016, the district court applied a two-level enhancement because the offense involved between three and seven firearms pursuant to U.S.S.G. § 2K2.1(b)(1), a two-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and a one-level reduction for assisting authorities in the investigation pursuant to U.S.S.G. § 3E1.1(b), resulting in a total offense level of 13.[2] With a criminal history category of IV, Bacon's advisory Guidelines range was 24 to 30 months imprisonment. The district court expressly considered the sentencing factors under 18 U.S.C. § 3553(a), namely Bacon's history

---

[2]Bacon objected to a four-level enhancement for use or possession of the firearm in connection with another felony pursuant to U.S.S.G. § 2K2.1(b)(6)(B) and a two-level enhancement for use of a stolen firearm pursuant to U.S.S.G. § 2K2.1(b)(4). The government conceded these enhancements were not supported by the evidence, and the district court did not apply them in calculating Bacon's total offense level.

and characteristics, Bacon's extensive criminal history—which included convictions for receiving stolen property, assault and battery, destruction of property, forgery, and driving while intoxicated—the need to promote respect for the law, and "the need to protect the public from further crimes of [Bacon]." The district court then varied upward and sentenced Bacon to 60 months imprisonment followed by three years of supervised release.

Bacon contends this "substantial" upward variance is unjustified and substantively unreasonable. In reviewing the substantive reasonableness of a sentence, we apply "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). According to Bacon, the extent of the upward variance is unwarranted because the district court based it on factors already accounted for in Bacon's Guidelines sentencing range. Bacon relies on United States v. Wiley, 509 F.3d 474 (8th Cir. 2007), in which we determined a variance of nearly twice the upper limit of the defendant's advisory Guidelines range was unreasonable because the district court relied primarily on its concerns for just punishment and deterrence given the defendant's criminal history, factors already accounted for in calculating the Guidelines range. Id. at 478-79. We note Wiley was decided four days before Gall, and under Gall, "[w]e must 'give[] due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence.'" United States v. Cole, 721 F.3d 1016, 1024 (8th Cir. 2013) (alteration in original) (quoting Gall, 552 U.S. at 59-60).

While we must consider "the extent of any variance from the Guidelines range" in evaluating whether a district court abused its discretion in sentencing, Gall, 552 U.S. at 51, "[w]e *may not* require '"extraordinary" circumstances to justify a sentence outside the Guidelines' and are prohibited from 'the use of a rigid mathematical formula that uses the percentage of a departure as the standard for determining the

strength of the justifications required for a specific sentence.'" United States v. Feemster, 572 F.3d 455, 462 (8th Cir. 2009) (en banc) (quoting Gall, 552 U.S. at 47).

Here, the district court carefully considered whether Bacon had made an effort to improve his respect for the law given his criminal history, whether a sentence of imprisonment within the advisory Guidelines range would promote respect for the law, and whether a sentence of imprisonment within the advisory Guidelines range would adequately protect the public from Bacon's future offenses.  These are all permissible factors to consider when varying from the advisory Guidelines sentence. See 18 U.S.C. § 3553(a).  The district court did not abuse its discretion in sentencing Bacon.

The judgment is affirmed.

_____