# United States Court of Appeals
## For the Eighth Circuit

_____

No. 17-3336

_____

United States of America

*Plaintiff - Appellee*

v.

Hilda Araceli Garza Hernandez, also known as Hilda Garcia Hernandez

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central Division

_____

Submitted: September 25, 2018
Filed: January 16, 2019
[Unpublished]

_____

Before COLLOTON, BEAM, and GRASZ, Circuit Judges.

_____

PER CURIAM.

Hilda Araceli Garza Hernandez pled guilty to conspiracy to distribute methamphetamine and possession of firearms as an illegal alien. The district court sentenced her to 144 months of imprisonment, a downward variance of 66 months from the recommended sentence range under the U.S. Sentencing Commission

Guidelines Manual ("the Guidelines").[1] She argues on appeal that the district court's sentence was unreasonable and should have been even more lenient. We disagree and affirm.

In 2016, law enforcement officers began investigating a drug trafficking operation that was moving methamphetamine from Texas to Iowa and Minnesota. Garza Hernandez was married to an unindicted co-conspirator and controlled the operation's "stash" house in Marshalltown, Iowa. In March 2017, officers executed a search warrant on Garza Hernandez's residence, in which they found in her bedroom a digital scale, three ballistic vests, and a safe containing two firearms and 2,666 grams of methamphetamine. In her attic, officers found seven additional firearms; four of the firearms found were stolen.

Pursuant to a plea agreement, Garza Hernandez pled guilty to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846, as well as possession of a firearm as an alien being illegally or unlawfully in the United States, in violation of 18 U.S.C. §§ 922(g)(5) and 924(a)(2).

Garza Hernandez requested a below-Guidelines sentence of 84 months of imprisonment, emphasizing that she had virtually no criminal history and had led a difficult life, including suffering physical abuse. The district court imposed a sentence of 144 months of imprisonment on the drug count and 120 months of imprisonment on the gun charge, to be served concurrently — a 66-month downward variance from the Guidelines range of 210 to 240 months of imprisonment.

Garza Hernandez appealed the district court's sentence, arguing that it was unreasonable. When reviewing a sentence, this Court utilizes a two-step process:

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

first, we "ensure that the district court committed no significant procedural error," and second, we "consider the substantive reasonableness of the sentence imposed . . . ." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

"'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.'" *Feemster*, 572 F.3d at 461 (quoting *Gall*, 552 U.S. at 51).

Garza Hernandez effectively argues the sentencing court committed procedural error by giving weight to an improper factor. Specifically, she claims "the court imputed culpability to [her] that resulted in an unreasonably harsh sentence" when it "indicated knowledge of [her] case outside the scope of the pre-sentence investigation report" ("PSR") by stating: "at this time only, really, the highest rung of that group or the top tier of that group has been prosecuted or at least that I've seen as part of my sentencing hearings." This contention is without merit. The PSR did, in fact, indicate there were other individuals involved or potentially involved in the conspiracy who were not indicted in this case. The district court made this comment in the context of observing that while it appeared only the "top tier" of the drug conspiracy was being prosecuted, Garza Hernandez was "probably among the lesser culpable of those people." We find no procedural error arising from this observation by the court.

Reviewing next for substantive reasonableness, we find no abuse of discretion. As we explained in *Feemster*: "A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'"

*Id.* (quoting *United States v. Kane*, 552 F.3d 748, 752 (8th Cir. 2009)). We presume sentences that are within or below the Guidelines — like the below-Guideline sentence here — are reasonable. *See United States v. Canania*, 532 F.3d 764, 773 (8th Cir. 2008). Garza Hernandez argues at length that the presumption of reasonableness denies her the right to meaningful appellate review. This argument is not well taken. The presumption of reasonableness is well established in the precedents of this Court and the Supreme Court. *See, e.g.*, *Rita v. United States*, 551 U.S. 338, 345–56 (2007); *United States v. Ewert*, 828 F.3d 694, 698 (8th Cir. 2016); *Feemster*, 572 F.3d at 461.

Moreover, Garza Hernandez acknowledges the district court recognized her lack of criminal history and history of abuse, but argues "that the court committed a clear error in judgment in failing to assign more weight to the mitigating factors." "Where, as here, a district court varies below a properly calculated Guidelines sentence, it is 'nearly inconceivable that the court abused its discretion in not varying downward still further.'" *United States v. Jackson*, 909 F.3d 922, 925 (8th Cir. 2018) (quoting *United States v. Lundstrom*, 880 F.3d 423, 446 (8th Cir. 2018)); *see also United States v. Farah*, 899 F.3d 608, 616 (8th Cir. 2018). The district court's sentence — a 66 month downward variance from the Guidelines range in light of the relevant sentencing factors present in this case — was well within its discretion and not substantively unreasonable.

For the reasons set forth herein, we affirm.

_____