# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 18-2434

———————————————

United States of America

*Plaintiff - Appellee*

v.

Brian Eugene Newman

*Defendant - Appellant*

————————

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

————————

Submitted: May 13, 2019
Filed: August 8, 2019
[Unpublished]

————————

Before BENTON, WOLLMAN, and GRASZ, Circuit Judges.

————————

PER CURIAM.

Brian Eugene Newman pled guilty to attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). The district court[1] sentenced him to 180 months'

---

[1]The Honorable Billy Roy Wilson, United States District Judge for the Eastern District of Arkansas.

imprisonment. He appeals, asserting sentencing errors. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Newman sent inappropriate messages to an 11-year-old girl on Facebook. Her parents contacted authorities. Law enforcement agents took over her Facebook account. Newman exchanged a series of increasingly sexual communications with the "girl," who agreed to meet him behind a cemetery to perform sexual acts. Newman drove to the cemetery, but when agents tried to stop him, he sped away. While fleeing, he threw an unwrapped condom, lube, and a sex toy out the window.

At sentencing, Newman asked for the statutory mandatory minimum of 120 months (the guidelines range was also 120 months). The government did not object. The court varied upward, sentencing him to 180 months. Newman appeals, alleging the court failed to adequately explain the upward variance, and the sentence is substantively unreasonable. This court reviews "the district court's interpretation of the guidelines de novo, and its factual findings . . . for clear error." *United States v. Ewert*, 828 F.3d 694, 697 (8th Cir. 2016).

Reviewing a sentence, this court "must first ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). "Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (internal quotation marks omitted), *quoting Gall*, 552 U.S. at 51.

Newman contends the district court procedurally erred by not adequately explaining the upward variance. To the contrary, the court considered the § 3553(a) factors, the presentence investigation report, the mandatory minimum, and the facts

of the case. The district court emphasized the victim's age and its belief that Newman "fully intended to carry out his deal." *See* 18 U.S.C. § 3553(a)(1) and (a)(2)(A) (requiring that "in determining the particular sentence to be imposed" the court "shall consider" "the nature and circumstances of the offense" and "the seriousness of the offense"). There was no procedural error. *See United States v. Blackmon*, 662 F.3d 981, 988 (8th Cir. 2011) ("[D]istrict courts are not require to make 'robotic incantations that each statutory factor has been considered.'").

Newman asserts that his sentence is substantively unreasonable. "Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must review the sentence under an abuse-of-discretion standard." *Gall*, 552 U.S. at 51. A district court abuses its discretion when it (1) "fails to consider a relevant factor that should have received significant weight;" (2) "gives significant weight to an improper or irrelevant factor;" or (3) "considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005) (internal quotation marks omitted). "When conducting this review, the court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. The sentence "need not be the most appropriate one, it need only be a reasonable one." *United States v. Richart*, 662 F.3d 1037, 1054 (8th Cir. 2011).

Newman believes the 60-month variance is unreasonable because factors like intent to carry out the crime and the victim's age are "typical" in attempted-enticement-of-a-minor offenses. But, this court does not require "'extraordinary' circumstances to justify a sentence outside the Guidelines." *Feemster*, 572 F.3d. at 462, *quoting Gall*, 552 U.S. at 47. "[A] sentencing court has wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." *Richart*, 662 F.3d at 1054.

Newman also contends his 180-month sentence is unreasonable because, at least in 2017, 120 months was the average sentence for sexual abuse offenders with his criminal history category. But, "district courts are certainly not required to impose an average sentence in every case. Such a requirement would cut directly against their broad sentencing discretion." *United States v. Rubashkin*, 655 F.3d 849, 869 (8th Cir. 2011). Newman has failed to show an abuse of discretion. "[I]t will be the unusual case when [this court] reverse[s] a district court sentence—whether within, above, or below the applicable Guidelines ranges—as substantively unreasonable." *Feemster*, 572 F.3d at 464. The sentence was substantively reasonable.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____