# United States Court of Appeals
### For the Eighth Circuit

_____

No. 19-1554
_____

United States of America

*Plaintiff - Appellee*

v.

Russell Dean Moore

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City
_____

Submitted: March 9, 2020
Filed: March 24, 2020
[Unpublished]
_____

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

The district court[1] sentenced Russell Dean Moore to 360 months' imprisonment after he pleaded guilty to four federal offenses stemming from his

---

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

actions during a high-speed chase involving a stolen vehicle. Moore appeals, arguing his 360-month sentence is substantively unreasonable. We affirm.

On April 6, 2016, officers with the Boone County, Missouri Sheriff's Department were dispatched to a residence in Columbia, Missouri, to investigate a report of a stolen vehicle. The resident told the officers that her Jeep had been stolen and that it contained multiple firearms and ammunition. Then, in the early morning hours of April 7, 2016, another officer who had been notified about the stolen vehicle observed it parked outside a truck stop in Columbia. As the officer approached the vehicle on foot, Moore's accomplice, Victoria Buol, suddenly sat up from the passenger seat, immediately moved to the driver's seat, and sped off. The officer pursued the vehicle, which stopped briefly in the parking lot of the truck stop for Moore to enter the passenger side. The vehicle again sped off, and the officer pursued while calling for additional units to assist.

During the chase, which spilled over into neighboring Callaway County, Moore and Buol shot at police officers, drove into oncoming traffic, sped at upwards of 100 miles per hour, fired at the passenger cab of a semi-truck with the driver inside, and shot at a gasoline tanker truck. Moore and Buol eventually ran out of gas and came to a stop, at which time multiple officers surrounded the vehicle and ordered Moore and Buol to exit the vehicle. Buol complied and was taken into custody, but Moore refused, claiming there was a bomb in the vehicle. Buol denied this, and Moore eventually exited the vehicle and also was taken into custody. In a post-*Miranda* interview, Moore admitted to having stolen the vehicle and to being primarily responsible for the chase and resulting mayhem.

Moore was indicted on six counts related to this chase, and he ultimately pleaded guilty to four of them: two counts for destruction of a motor vehicle, each of which carried a twenty-year statutory maximum, *see* 18 U.S.C. §§ 2, 33; one count of being a felon in possession of a firearm, which carried a ten-year statutory maximum, *see* 18 U.S.C. §§ 922(g)(1), 924(a)(2); and one count of possession of a stolen firearm, which also carried a ten-year statutory maximum, *see* 18 U.S.C.

§§ 922(j), 924(a)(2). The district court calculated a criminal history category of IV and a total offense level of 31, resulting in an advisory sentencing guidelines range of 151 to 188 months. At sentencing, the Government requested an upward variance to 360 months based on, *inter alia*, the nature of Moore's offenses and his demonstrated lack of remorse. The district court granted this request and varied upward, sentencing Moore to concurrent 240-month sentences on each of the destruction-of-a-motor-vehicle counts set to run consecutive to concurrent 120-month sentences on each of the firearm-related counts.

Moore appeals, arguing only that this 360-month sentence is substantively unreasonable in light of his mental health and substance abuse issues. We review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Watters*, 947 F.3d 493, 496 (8th Cir. 2020). A sentencing court abuses its discretion when it: (1) fails to consider a relevant factor under 18 U.S.C. § 3553(a) that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment. *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). In reviewing the sentence under this "deferential" standard, we "take into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* In considering the reasonableness of the extent of a variance, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 461-62.

Here, before imposing the sentence, the district court recognized its obligation under § 3553 "to impose a sentence that is sufficient but not greater than necessary to comply with the law." It "recognize[d] the mental health issues" that Moore argued militated in favor of a lesser sentence and noted they "play[] a role" but found this factor was outweighed by Moore's "depraved" behavior as well as his post-plea statements and conduct through which he demonstrated no remorse for his actions. The district court concluded the upward variance of roughly double the top end of the guidelines range was warranted in order to promote respect for the law, protect

law enforcement and the public, and deter this sort of "depraved and irresponsible behavior."

We cannot say the district court abused its discretion in so concluding. *See, e.g.*, *United States v. Hess*, 742 F. App'x 149, 150-51 (8th Cir. 2018) (affirming an upward variance to 360 months from the guidelines range of 151 to 188 months based on "the brutality and depravity" of the conduct at issue as well as other § 3553 factors, notwithstanding "mitigating aspects" such as defendant's health and substance abuse issues); *see also United States v. Bacon*, 848 F.3d 1150, 1151-53 (8th Cir. 2017) (affirming an upward variance of twice the upper limit of the guidelines range imposed after the district court considered the § 3553 factors). "The district court's choice to assign relatively greater weight to the nature and circumstances of the offense" and to Moore's unrepentant attitude than to his "mitigating personal characteristics" was "well within the wide latitude given to individual district court judges in weighing relevant factors." *See United States v. Wisecarver*, 644 F.3d 764, 774 (8th Cir. 2011) (internal quotation marks and brackets omitted).

Therefore, we affirm.

_____