# United States Court of Appeals
## For the Eighth Circuit

_____

No. 21-2172

_____

United States of America

*Plaintiff - Appellee*

v.

Willie L. Hill

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: March 18, 2022
Filed: June 3, 2022
[Unpublished]

_____

Before GRUENDER, BENTON, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Willie L. Hill pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The presentence investigation report ("PSR") recommended an advisory sentencing guidelines range of 37 to 46 months' imprisonment. Hill objected to the PSR's failure to credit him with an adjustment for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). Hill also moved for a

downward variance, arguing that a sentence within the guidelines range would be substantively unreasonable because the firearm he unlawfully possessed was inoperable and unloaded. The district court[1] sustained Hill's objection and granted an adjustment for acceptance of responsibility, calculating a new guidelines range of 30 to 37 months' imprisonment. It denied his motion for a downward variance.

After reviewing the 18 U.S.C. § 3553(a) sentencing factors, the district court stated that it was "going to give [Hill] a break" and was "going to give [Hill] the benefit of the doubt" because he had "owned up" to his crime. It then sentenced Hill to 37 months' imprisonment, the lengthiest sentence within the guidelines range. Hill's counsel asked the district court to clarify that the sentence corresponded to the new guidelines range and not the 37-to-46-month range "that would apply in the absence of acceptance of responsibility." The district court confirmed that the guidelines range was 30 to 37 months and responded that 37 months' imprisonment was "a very favorable sentence" because "there was a case to be made for a variance up." It stated that "given the history of the defendant, . . . 37 months is a break given the circumstances." Hill appeals, challenging his sentence as procedurally defective and substantively unreasonable.

In reviewing a sentence, we first ensure that the district court committed no significant procedural error, and if it did not, then we consider the substantive reasonableness of the sentence. *United States v. Gaines*, 895 F.3d 1028, 1033-34 (8th Cir. 2018). "When reviewing for procedural error, we review *de novo* the district court's interpretation and application of the Guidelines, and we review for clear error its factual findings." *United States v. Still*, 6 F.4th 812, 817 (8th Cir. 2021). However, where "the defendant fails to object timely to a procedural sentencing error, the error is forfeited and may only be reviewed for plain error." *United States v. Isler*, 983 F.3d 335, 341 (8th Cir. 2020). We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Id.*

---

[1]The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

at 344. "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Ewert*, 828 F.3d 694, 698 (8th Cir. 2016).

Hill claims that the district court procedurally erred by failing adequately to explain his sentence. *See Isler*, 983 F.3d at 341 ("Procedural errors include . . . failing to adequately explain the chosen sentence."). Because Hill did not raise this objection at sentencing, we review for plain error. *See id.* Hill highlights the tension between the district court's statement that it was giving Hill "a break" and the "benefit of the doubt"—suggesting it would impose a lighter sentence—and the actual sentence it imposed, which was at the top of the guidelines range. But Hill acknowledges the district court's clarification that "the history of the defendant" could have warranted a sentence above the guidelines range. The district court explained that from that standpoint, a sentence within the guidelines range was "a break given the circumstances." Thus, Hill does not argue that the decision was based on a mistaken belief that the earlier guidelines range of 37 to 46 months applied. Rather, Hill claims that the district court's references to the defendant's "history" and "circumstances" were too vague to satisfy the requirement to provide a reasoned basis for the sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007).

The district court's reference to "the history of the defendant"—what it earlier described as Hill's "extensive criminal history"—is not vague. The PSR lists Hill's numerous prior convictions spanning nearly thirty years, including twelve convictions for theft, multiple convictions for domestic assault, a conviction for assault and battery, multiple convictions for driving under the influence, multiple convictions for drug possession, multiple convictions for violating a protection order, a burglary conviction, a conviction for juror and witness tampering, multiple convictions for forgery, and other convictions. Our cases recognize that a defendant's extensive criminal history can justify an upward variance. *See, e.g.*, *United States v. Bacon*, 848 F.3d 1150, 1152-53 (8th Cir. 2017) (per curiam) (affirming an upward variance where "the district court relied primarily on its

-3-

concerns for just punishment and deterrence given the defendant's criminal history"); *United States v. David*, 682 F.3d 1074, 1077-78 (8th Cir. 2012) (same). The district court's reference to Hill's criminal history therefore helped show how imposing a sentence within the guidelines range was giving Hill "a break."

Nor is there doubt about the meaning of the district court's reference to Hill's "circumstances." When the district court first stated that it was giving Hill "a break," it explained that it was doing so because Hill "decided to own up to" his crime and accept responsibility "given the circumstances which were, quite frankly, very clear that [Hill] violated the law." As this context and the district court's later clarification make clear, the district court treated Hill's acceptance of responsibility as a mitigating factor that "impacted what sentence [the district court] th[ought] was appropriate." It is apparent that despite Hill's history, the district court chose not to vary upward because of Hill's acceptance of responsibility. We are satisfied that the district court provided a "reasoned basis" for its decision, and we hold that it committed no procedural error, much less a plain one. *See Rita*, 551 U.S. at 356.

Next, Hill claims that his sentence is substantively unreasonable because the nature of the offense was "benign, since the firearm that Hill possessed posed no danger to others." He states that the district court should have given significant mitigating weight to the "nature and circumstances" sentencing factor, § 3553(a)(1). He adds that his criminal history reflects merely minor offenses and that a 37-month sentence would not "serve any particular rehabilitative needs."

Hill's argument fails. The district court expressly considered the nature and circumstances of Hill's offense as well as the other § 3553(a) factors, and it weighed any mitigating factors against his criminal history. "[A] district court has wide latitude to assign weight to sentencing factors, and the district court may give some factors less weight than a defendant prefers or more weight to the other factors, but that alone does not justify reversal." *Isler*, 983 F.3d at 344 (internal quotation marks and alterations omitted). Here, Hill has not overcome the presumption that his sentence was reasonable. *See Ewert*, 828 F.3d at 698.

-4-

For the foregoing reasons, we affirm Hill's sentence.

_____