# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1817
_____

United States of America

*Plaintiff - Appellee*

v.

Andrew Butler

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Central
_____

Submitted: January 16, 2026
Filed: March 6, 2026
_____

Before SMITH, BENTON, and ERICKSON, Circuit Judges.
_____

BENTON, Circuit Judge.

Andrew D. Butler pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C § 922(g)(1). The district court[1] sentenced him to 60 months in prison. He appeals, alleging that the district court erred in denying his motion to

_____

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas.

suppress and imposed a substantively unreasonable sentence. Having jurisdiction under 18 U.S.C. § 1291, this court affirms.

I.

On March 21, 2022, Jasmine Spates called 911, reporting that Butler broke into her apartment with a gun, then left in a gold Chevy Impala. Officer Gregory Bowman and Sergeant Thomas Bracey responded. Bowman saw a splintered doorframe and a bent lock, indicating forced entry. Spates told Bracey she believed Butler had gone to Altium Packaging, where he worked.

Bracey knew Butler was a convicted felon with outstanding misdemeanor arrest warrants. He also knew Butler was on probation, subject to a warrantless search waiver requiring him "to submit . . . property under [his] control to search and seizure at any time, day or night, with or without a search warrant by any Arkansas Community Correction Officer or any other certified law enforcement officer."

Bracey and Detective Cecil Langston went to Altium Packaging. Langston saw a Chevy Impala parked near the front entrance. The license plate was registered to Butler. Langston also learned Butler was on probation with the warrantless search waiver and the arrest warrants. Through the Impala's windows, Langston did not see a gun. Bracey placed a "stop stick" under a tire.

Entering the (unlocked) employee entrance, the officers walked toward the (empty) Altium Packaging management offices. Returning to the entrance, they opened a door to the manufacturing area. The officers saw Butler with two other employees.

Langston told Butler to approach them. Butler backed away, reached into his jacket pocket, and ran. Believing he was armed, Langston yelled "gun." The officers chased Butler. He ran around a corner, out of view. When the officers

neared him, they saw him pick up a gun from the floor. Langston said "drop the gun." Butler refused. Langston fired four shots. None hit Butler. Butler dove into an empty alcove of pallets.

The officers approached Butler, lying in the alcove, face down, hands at his sides. Langston found the gun beneath a nearby pallet, several feet from Butler. Butler was arrested and charged with aggravated residential burglary, felon in possession of a firearm, and fleeing.

Butler moved to suppress the gun and the fingerprint evidence obtained from it; the district court denied the motion. He pled guilty to being a felon in possession of a firearm, reserving his right to appeal the denial. The district court sentenced him to 60 months in prison, followed by three years of supervised release. Butler appeals.

## II.

Butler argues the district court erred in denying his motion to suppress. "In considering the denial of a motion to suppress evidence, we review the district court's conclusions of law *de novo* and its factual findings for clear error." *United States v. Spratt*, 141 F.4th 931, 935 (8th Cir. 2025).

"Fourth Amendment rights are personal rights that may not be asserted vicariously." *United States v. Long*, 797 F.3d 558, 568 (8th Cir. 2015). A defendant must show "'that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable.'" *United States v. Barragan*, 379 F.3d 524, 529 (8th Cir. 2004), *quoting* *Minnesota v. Carter*, 525 U.S. 83, 88 (1998). "If a defendant fails to prove a sufficiently close connection to the relevant places or objects searched[,] he has no standing to claim that they were searched or seized illegally." *United States v. Gomez*, 16 F.3d 254, 256 (8th Cir. 1994). To establish a Fourth Amendment violation, a defendant must demonstrate that the search or

-3-

seizure was unreasonable. *See **United States v. Green***, 9 F.4th 682, 688 (8th Cir. 2021).

Relying on the *Lewis* and *Long* cases, Butler claims he had a reasonable expectation of privacy in his workplace. *See **United States v. Lewis***, 864 F.3d 937, 943 (8th Cir. 2017); ***Long*** 797 F.3d at 565. He believes the officers violated his Fourth Amendment rights by entering Altium Packaging (despite their knowledge of his presence there and the warrants). *See **Steagald v. United States***, 451 U.S. 204, 219–20 (1981) (holding that an arrest warrant for an non-resident does not authorize a search of another person's home without consent or exigent circumstances); ***United States v. Glover***, 746 F.3d 369, 373 (8th Cir. 2014), *citing **Steagald***, 451 U.S. at 215–16; ***United States v. Greer***, 607 F.3d 559, 563 (8th Cir. 2010), *citing **Steagald***, 451 U.S. at 220; ***Haley v. Armontrout***, 924 F.2d 735, 737 (8th Cir. 1991), *citing **Steagald***, 451 U.S. at 220.

Butler's argument fails. Even assuming he had a reasonable expectation of privacy, he cannot challenge the officers' entry. *Steagald* "addressed only the right of a third party not named in the arrest warrant to the privacy of his or her home"; it did not decide that officers may not enter a third party's property to arrest the subject of a warrant they reasonably believe is present. ***United States v. Kaylor***, 877 F.2d 658, 663 n.5 (8th Cir. 1989). *See also **Steagald***, 451 U.S. at 219 ("The issue here, however, is not whether the subject of an arrest warrant can object to the absence of a search warrant when he is apprehended in another person's home, but rather whether the residents of that home can complain of the search."). An individual "cannot claim any greater Fourth Amendment protection in [a third party's] home than he possessed in his own home." ***Kaylor***, 877 F.2d at 663, *citing **United States v. Clifford***, 664 F.2d 1090, 1093 (8th Cir. 1981) (holding that a defendant cannot challenge police entry into another person's home when officers possess an arrest

warrant and reasonably believe the warrant subject is present, because the defendant cannot assert greater rights than the property owner). [2]

The district court did not err in denying the motion to suppress.

III.

This court "review[s] the substantive reasonableness of a sentence for abuse of discretion." *United States v. Harlan*, 815 F.3d 1100, 1107 (8th Cir. 2016). A district court abuses its discretion when it: (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but commits a clear error of judgment in weighing those factors. *See United States v. Wintermute*, 443 F.3d 993, 1000 (8th Cir. 2006).

Butler believes the district court placed too much weight on the seriousness of the offense, the need for deterrence and respect for the law, and his history and characteristics—factors already considered in the Guidelines. *See*, *e.g.*, *United States v. Martinez*, 821 F.3d 984, 989–90 (8th Cir. 2016) (holding that an above-Guidelines sentence was substantively unreasonable where the district court took a "major departure" for a "minor" justification, increasing the advisory range from 121-151 months to 262-327 months); *United States v. Wiley*, 509 F.3d 474, 478–79 (8th Cir. 2007) (vacating above-Guidelines sentence where the district court based its upward variance on factors already taken into account by the Guidelines), *questioned by United States v. Bacon*, 848 F.3d 1150, 1152 (8th Cir. 2017) ("We note *Wiley* was decided four days before *Gall*, and under *Gall*, '[w]e must give[ ] due deference to the District Court's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence.'"), *quoting Gall v. United States*, 552 U.S. 38, 59–60 (2007).

---

[2]The district court alternatively ruled that Butler's search waiver justified entry. This court need not address that issue.

The upward variance here was not an abuse of discretion. The district court's 60-month sentence—exceeding the Guidelines range of 41 to 51 months—reasonably accounted for the § 3553(a) factors and their application to Butler, including his armed force entry into a woman's home, possession of a gun at his workplace, flight from officers, and retrieving the gun after dropping it. Although some of these factors were considered in determining the Guidelines range, it is "well-settled" that a district court may rely on them to justify an upward variance. *See United States v. Manuel*, 73 F.4th 989, 993 (8th Cir. 2023). This court grants district courts "wide latitude to weigh the section 3553(a) factors in each case and assign some factors greater weight than others." *United States v. Hubbs*, 18 F.4th 570, 572 (8th Cir. 2021). The district court did not abuse its discretion merely by "weigh[ing] relevant factors . . . more heavily than [Butler] would prefer." *United States v. Farmer*, 647 F.3d 1175, 1179 (8th Cir. 2011).

The district court did not impose a substantively unreasonable sentence.

* * * * * * *

The judgment is affirmed.

_____