# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1670

_____

United States of America

*Plaintiff - Appellee*

v.

Carl Dale Markley

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Central

_____

Submitted: December 18, 2025
Filed: March 30, 2026
[Unpublished]

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Carl Markley pleaded guilty to fifteen counts of sex trafficking by fraud and coercion in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), and 1594(a).  As part of his plea agreement, Markley, a businessman and registered nurse practitioner, admitted to recruiting, enticing, or obtaining dozens of young adults and several minors to engage in sexual acts with or in front of him under the guise that those acts

were part of legitimate medical examinations or research. The presentence investigation report ("PSR") found, among other things, that Markley had "defrauded and coerced (or attempted to defraud and coerce) at least approximately two hundred individuals" into sexual acts from 2001 to 2023, obstructed or impeded the Government's investigation into his conduct, and failed to clearly demonstrate acceptance of responsibility for his offenses. The PSR recommended an advisory sentencing guidelines range of life imprisonment.

Before sentencing, Markley objected to numerous assertions in the PSR's offense conduct section, including its descriptions of his defrauding and coercing minors and young adults into sexual activity and its findings that he obstructed justice and did not accept responsibility for his crimes. He also requested that the district court[1] vary his sentence downwards from the PSR's recommended guidelines sentence of life imprisonment, arguing that a sentence of 262 months would be sufficient but no greater than necessary to achieve the purposes of sentencing.

The district court overruled Markley's objections to the PSR's findings, and sentenced Markley to life imprisonment after considering the sentencing factors outlined in 18 U.S.C. § 3553(a). Markley appeals, challenging his sentence as procedurally defective and substantively unreasonable.

In reviewing a sentence, "we must first ensure that the district court committed no significant procedural error." *United States v. Gaines*, 895 F.3d 1028, 1033-34 (8th Cir. 2018) (citation modified). "When reviewing for procedural error, we review *de novo* the district court's interpretation and application of the Guidelines, and we review for clear error its factual findings." *United States v. Still*, 6 F.4th 812, 817 (8th Cir. 2021). Where "the defendant fails to object timely to a procedural

---

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

sentencing error," however, "the error is forfeited and may only be reviewed for plain error." *United States v. Isler*, 983 F.3d 335, 341 (8th Cir. 2020).

Markley asserts that the district court committed a significant procedural error by selecting a sentence based on factual findings that he argues were "clearly erroneous." *See United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) ("Procedural error includes . . . selecting a sentence based on clearly erroneous facts . . . ." (citation modified)). Specifically, he contends that the district court overstated the number of his victims, mischaracterized as minors the adult victims of his charged conduct, and misrepresented his medical practice as wholly illegitimate. In his view, these alleged misstatements establish that the district court sentenced him based on facts unsupported by the record. Because Markley concedes that he did not raise these objections at sentencing, we review for plain error, meaning he must demonstrate "(1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *See United States v. Harrell*, 982 F.3d 1137, 1140 (8th Cir. 2020).

He has failed to do so. For one, the undisputed record supports the district court's challenged findings that Markley "tried to get [] around 200" victims, that "the victims named in the indictment were a very small percentage of the overall victims who we know about," and that Markley's medical practice was primarily a vehicle to gain access to victims, not to provide medically necessary care. Moreover, the district court did not plainly err in referring to some of Markley' victims as "boys," given he stipulated as part of his plea agreement to "sometimes start[ing] this process [of victimization] with minor male children," including offering to perform physicals on "minor male children" and asking "minor male children numerous sex-related questions and making sex-related comments." Therefore, we conclude that the district court did not make a significant procedural error in sentencing Markley.

-3-

Next, Markley contends that his sentence is substantively unreasonable in two respects. First, he argues that the district court failed to give adequate weight to mitigating factors, namely, his acceptance of responsibility, lack of criminal history, and history as a childhood victim of sexual assault. Second, he contends that his life sentence created an unwarranted sentencing disparity because two other defendants convicted of committing violent sex offenses against minors received shorter sentences. *See United States v. Taylor*, 44 F.4th 779, 782-83 (8th Cir. 2022) (affirming conviction of defendant sentenced to 400 months' imprisonment for violent sex offenses against a minor); *United States v. Charles*, 895 F.3d 560, 562 (8th Cir. 2018) (affirming conviction of defendant sentenced to 432 months' imprisonment for violent sex offenses against three minors).

We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Isler*, 983 F.3d at 341. "A sentence within the Guidelines range is accorded a presumption of substantive reasonableness on appeal." *United States v. Ewert*, 828 F.3d 694, 698 (8th Cir. 2016). Markley has not overcome the presumption that his sentence was reasonable. The district court expressly noted its consideration of the mitigating factors raised by Markley and weighed them against the nature and seriousness of his crimes as well as the other § 3553(a) factors. *See Isler*, 983 F.3d at 344 ("[A] district court has wide latitude to assign weight to sentencing factors, and the district court may give some factors less weight than a defendant prefers or more weight to the other factors, but that alone does not justify reversal." (citation modified)). Markley's sentencing disparity argument is likewise unpersuasive because he compares himself to defendants that were sentenced by different judges for distinct conduct that affected far fewer victims. *See United States v. Palkowitsch*, 36 F.4th 796, 801-02 (8th Cir. 2022) ("When the argument is, as in this case, that the district court's sentence created unwarranted disparities with the sentences imposed on . . . unrelated offenders by . . . different judges, there is no principled basis for an appellate court to say which defendant[s] received the 'appropriate' sentence.") Therefore, we conclude that Markley's sentence was substantively reasonable.

For the foregoing reasons, we affirm Markley's sentence.

_____